558 F.2d 729
 ALABAMA ASSOCIATION OF INSURANCE AGENTS et al., Petitioners,
v.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.
GEORGIA ASSOCIATION OF INDEPENDENT INSURANCE AGENTS et al.,
Petitioners,
v.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.
NATIONAL ASSOCIATION OF INSURANCE AGENTS, INC., Petitioner,
v.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.
 Nos. 74-2981, 74-3544 and 74-3843.
 United States Court of Appeals,
Fifth Circuit.
 Rehearing and Rehearing En Banc Denied Jan. 10, 1977.
As Amended on Denial of Petition for Second Rehearing and
Rehearing En Banc Denied Sept. 1, 1977.
 
 Herbert E. Marks, Thomas J. Bacas, Thomas E. Wilson, Washington, D. C., Robert R. Richardson, Atlanta, Ga., John F. Neville, Gen. Counsel, Nat. Assoc. of Ins. Agents, Inc., New York City, Bibb Allen, Birmingham, Ala., for petitioners.
 Wm. B. Scher, Jr., Washington, D. C., for Nat'l Assoc. of Life Underwriters & Alabama State Assoc. of Life Underwriters, Inc.
 Macbeth Wagnon, Jr., Birmingham, Ala., for Southern Bancorporation.
 William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Theodore E. Allison, Sec., Board of Governors of the Fed. Reserve System, Leonard Schaitman, Ronald R. Glancz, Dept. of Justice, Civ. Div., Applt., Sec., Wash., D. C., Edward H. Levi, Atty. Gen. of the U. S. A., Washington, D. C., for respondent.
 
 
 1
 Horace R. Hansen, St. Paul, Minn., Theodore E. Allison, Secretary, Board of Governors of the Federal Reserve System, Washington, D. C., Leonard Schaitman, Ronald R. Glancz, Dept. of Justice, Washington, D. C., amicus curiae on rehearing for Independent Bankers Assoc. of America.
 
 
 2
 John V. Austin, Eugene J. Metzger (Committee To Preserve Consumer Options), Lawrence F. Noble, Washington, D. C., for intervenor in Nos. 74-2981, 74-3843.
 
 
 3
 Herbert E. Marks, Thomas J. Bacas, Thomas E. Wilson, Washington, D. C., Robert R. Richardson, Atlanta, Ga., John F. Neville, Gen. Counsel, National Assoc. of Ins. Agents, Inc., New York City, for petitioners in No. 74-3544.
 
 
 4
 Leonard Schaitman, Ronald R. Glancz, Dept. of Justice, Civil Div., Appellate Section, Washington, D. C., Theodore E. Allison, Secretary, Bd. of Governors of the Fed. Reserve System, Washington, D. C., Edward H. Levi, Atty. Gen. of Washington, D. C., for respondent in No. 74-3544.
 
 
 5
 John V. Austin, Washington, D. C., McChesney H. Jeffries, Howard O. Hunter, Atlanta, Ga., for intervenors in No. 74-3544.
 
 
 6
 Herbert E. Marks, Washington, D. C., Robert R. Richardson, Atlanta, Ga., for petitioners in No. 74-3843.
 
 
 7
 Theodore E. Allison, Sec., Board of Governors of the Fed. Reserve System, Washington, D. C., William B. Saxbe, Atty. Gen., Washington, D. C., for respondent in No. 74-3843.
 
 
 8
 On Petitions for Review of Orders of the Board of Governors of the Federal Reserve Board (Alabama, Georgia and Georgia Cases, respectively).
 
 
 9
 ON SECOND PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC
 
 
 10
 (Opinion June 10, 1976, 533 F.2d 224, 5th Cir. 1976)
 
 
 11
 Before TUTTLE, THORNBERRY* and CLARK, Circuit Judges.
 
 PER CURIAM:
 
 12
 Petitioners point out that in approving the Board's regulation authorizing holding company sales of property damage and liability insurance in connection with extensions of credit by "a bank or bank-related firm," we failed to make clear whether such insurance could properly be provided by non-bank holding company subsidiaries as well as bank subsidiaries. This observation is correct; however, we reject petitioners' contention that the sale of property damage and liability insurance should be restricted to subsidiaries which are banks. On the contrary, we find that the provision of property damage and liability insurance in connection with the traditional banking-type functions of extending credit and providing other financial services is "closely related to banking." Whether the banking-type services and related insurance are provided by a bank or a non-bank subsidiary of a bank holding company is irrelevant. Thus, we clarify our original opinion by holding that the Board's regulation 225.4(a)(9)(ii)(a) & (b), authorizing the sale of property damage and liability insurance in connection with extensions of credit and other financial services, is valid with regard to such sales by both bank and non-bank subsidiaries of bank holding companies.
 
 
 13
 The Board petitions for rehearing as to that portion of our opinion dealing with § 225.4(a)(9)(iii)(a) which denied to holding company agencies the authority to sell any insurance sold in a community that has a population not exceeding 5,000. In its petition the Board represents that substantial factual grounds exist to meet the tests for closely-related-to-banking set out in National Courier Association v. Board of Governors of Federal Reserve System, 170 U.S.App.D.C. 301, 516 F.2d 1229 (1975), which we adopted to govern our decision here. The petitioners have responded to the Board's assertions with contentions that the regulation does not in fact facilitate the financing of small town banking institutions and could permit insurance operations other than those which the Board's assertions assume.
 
 
 14
 Upon consideration of said petitions and responses, we vacate the final four complete paragraphs of Part II of our opinion and pretermit any ruling on the merits of this issue in the present appeal. Before the Board implements § 225.4(a)(9)(iii)(a), it must support that part of its regulation with further findings which establish the necessary close relationship of banking to general insurance agency activity in towns with populations not exceeding 5,000. Any such findings by the Board should not only be concerned with whether such full line insurance agency activity is needed to facilitate the financing of banking, but also whether the size of the bank holding company involved would affect the need for such financial support and whether the present wording of the regulation would permit remote insurance agency activity not truly intended to be authorized by the small town exception so that adequate consideration is given to any necessity for limiting the reach of the regulatory language.
 
 
 15
 In all other respects, the petitions for rehearing filed by petitioners and respondent are denied; and no judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the petitions for rehearing en banc are denied. This court does not retain jurisdiction of the appeal.
 
 
 
 *
 Judge Thornberry was a member of the panel in our opinion of June 10, 1976, but due to illness did not participate in the orignal denials of rehearing and rehearing en banc (January 10, 1977); he did, however, participate in the denials of the second petitions for rehearing and rehearing en banc